## HUMPHREY LAKEMAN *versus* JOHN J. BUTLER.

A testator devised to his daughter Mary the southerly portion of his farm, and to his "daughter Elizabeth and to her heirs and assigns that part of my farm called Castle Hill, bounded, &c., *with a privilege of digging ten barrels of clams yearly at the southerly end of my farm."* It was *held,* that Elizabeth took an estate of inheritance in the privilege devised to her, as well as in the land, and consequently that such privilege was assignable, and not merely personal.

TRESPASS. By an agreed statement of facts it appeared, that the defendant dug and carried away six barrels of clams from the flats-ground at the southerly end of the plaintiff's farm, which was called the Wigwam farm ; and that he justified under a license from John Baker 3d, who was the owner of Castle Hill farm, and Tristram Brown. No other clams were dug there by the defendant, nor by Baker or Brown, during the year.

John Patch, who was the former owner of both farms, devised to his daughter Mary Lakeman, (from whom the plaintiff derived his title,) and to her heirs and assigns, his " lower farm, formerly called Wigwam Hill, bounded as follows, viz., Beginning at the river, and from thence running by the creek, &c., and down into the sea, with the privilege of the clams," &c. By another clause in the will he devised to his " daughter Elizabeth Choate and to her heirs and assigns, that part of my farm called Castle Hill, bounded, &c., and half a mile of the lower end of the beach to be measured at high-water mark for drift wood and timber of all sorts, and all the remainder of my beach, *with a privilege of digging ten barrels of clams yearly at the southerly end of my farm."* James Baker, who derived title to the Castle Hill farm through several mesne conveyances from Elizabeth Choate, conveyed a portion of his interest therein, to wit, the beach and clam flats, to John Baker 3d and Tristram Brown. James Baker died intestate, leaving his father his sole heir, by whom the farm was conveyed to John Baker 3d

If the Court should be of opinion that the plaintiff was entitled to recover, the defendant was to be defaulted ; otherwise the plaintiff was to become nonsuit.

*Choate*, for the plaintiff. The question is upon the legal character of the devise to Elizabeth Choate, of the privilege of digging clams. We contend, that it either vested a personal interest in the devisee for her life only ; or that the nterest was in gross and personal to her and her heirs, in which case the defendant, not being an heir, shows no title ; *Leyman v. Abeel*, 16 Johns. R. 30 ; or that if not personal and in gross, it was appurtenant to the Castle Hill farm, and none but the owner of the farm could enjoy it. Co. Litt. 27 *a* ; Woolrych on Ways, 3 ; 1 Rol. Abr. 401.

*Saltonstall* and *Lord*, for the defendant, to the point, that as the clams constituted the only value of the flats-ground, a devise of the privilege of digging them was equivalent to a devise of the land itself, and so the daughter took an estate in common in the flats-ground, cited *Reed v. Reed*, 9 Mass. R. 372 ; Com. Dig. *Estates by Devise, N* 2, cites Litt. § 218, and Dyer, 280 *b. in marg.* ; 1 Rob. on Wills, 461 ; Co. Litt. 5 *a*.

WILDE J. delivered the opinion of the Court. The defendant justifies the trespass alleged, under a license from John Baker and Tristram Brown, who claim a limited right of fishery in the *locus in quo*, derived through sundry conveyances from one Elizabeth Choate. And the only material question is, whether she took under the will of John Patch, the former owner of the *locus*, an estate of inheritance, or a mere personal privilege. For if she took the former, then it was assignable, and passed to Baker and Brown, whether the right was appurtenant to Castle Hill farm or not ; but if it was a personal privilege, then clearly it was not assignable, and the defence fails.

By the will there is devised to Elizabeth Choate and to her heirs and assigns the Castle Hill farm (bounding it) " and half a mile of the lower end of the beach, to be measured at highwater mark, for drift wood and timber of all sorts, and all the remainder of my beach, *with a privilege of digging ten barrels of clams yeai ly at the southerly end of my farm.*" By these

37 *

Lakeman
*v.*
Butler.

*Nov.* 3*d.*

*Nov.* 6*th*

words in the will we can have no doubt that Elizabeth Choate took an estate of inheritance, or right in fee, in the whole of the property and the privileges devised.

The words " heirs and assigns " designate the extent of the estate devised, as well in respect to the privileges as to the land. To whom were these privileges devised? Not to Elizabeth Choate during her life, but to her and to her heirs and assigns. If a man devises Black acre in fee to A, " and also White acre," A. shall take a fee in White acre, as well as in Black acre. Com. Dig. *Estates by Devise, Nº 2.* And so, in the present case, Elizabeth Choate took an estate of inheritance in the right of fishery and other privileges devised, as well as a fee in the land. This right was clearly assignable and passed to Baker and Brown, under whose license the defendant justifies. According to the agreement of the parties, therefore, the plaintiff is to become nonsuit.